OPINION of the Court, by
Ch. J. Boyle
— Fish* back having obtained a judgment at law for part of the Prlce of a tract of land he had sold to Williams, the lat-ter, to stay proceedings upon the judgment, filed ¡1⅛ fiiij ;n chancery, alleging among other grounds for re-that Fishback was unable to convey, he not having obtained a title from those of whom he had purchased, The bill prayed that the judgment might be injoined un-bl l^e caLlse could be heard ip equity, and an injunction was accordingly granted.
On the hearing of the cause the court below decreed jnjunct;on perpetual as to the costs of the suit at law. and ¡njomed the residue ot the judgment until Jbish-back should perfect his title and should produce in court regularly executed conveyances to him from those through whom he derived his title m part, r.ach party decreed to pay his own costs of the suit in chance- ^ subsequent term, to which the cause had been continued, rishback produced in court, m pursuance of the interlocutory degree, a conveyance to him? jp regularly executed and acknowledged ; and the court finally decreed that he should proceed to have the. benefit of his judgment at law, except the costs, To reverse '•bat decree Fishback prosecutes this writ of er-FOT*
The principal point relied on is, that the court below errec^ ‘n not decreeing to Fishback ten per cent, upon the amount @f hjs judgment at law.
That Fishback was unable to make a title to Willi-m_ wfien tfie fim was filed, and continued to be so until the interlocutory decree was pronounced, is a fact incontestably established. It is true that by the terms of the agreement with Williams he was not bound to con *343 Vey until the purchase money was paid. If, therefore, he had been possessed of the title, his withholding a conveyance would have been no excuse for the suspension of the payment by Williams. But without having the title, or being able to perform the agreement on his part, he could have no right in equity and good conscience to insist upon the performance on the part of Williams. His inability to convey was therefore a sufficient ground for the interposition of a court of equity to prevent him from enforcing the payment of the purchase money until his inability was removed. When that was done, had the injunction been granted without limitation or restriction, it would have been dissolved as a matter oi course ; and in that case the law giving ten per cent, damages upon the dissolution of an injunction, •would, according to its letter, though perhaps not according to its spirit, have applied. But in this case the injunction was temporary. It was at first granted only until the suit was heard, and was then continued by the. order of the court until the cause for which it was at first properly granted should be removed. When that cause was removed, the injunction by its own limitation expired, and cannot with propriety be said to have been dissolved.
The case, therefore, does not come within either the letter or spirit of the law giving ten per cent, damages upon thp dissolution of an injunction ; and the court below consequently acted correctly in not decreeing damages.
Another point relied on is, that the costs of the suit at law were erroneously injoined. But as these costs Were incurred by a proceeding to enforce the payment qf the purchase money, when in good conscience Fish-báck ffed no right to insist upon the payment, as he was at that time Unable to perform the agreement on his part, it would seem that a court of equity ought to grant relief against them.-Decree affirmed.